UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF TENNESSEE

IN RE:

    DONNA RAY JOHNSON

DONNA RAY JOHNSON
    Plaintiff/Debtor

                                      Chapter 13
v.                                  Case No 18-27004
                                    Adv. Proc No.

WELLS FARGO MORTGAGE, SELENE FINANCE LP
And BUNGALOW PROPERTIES, LLC
    Defendants.

COMPLAINT FOR BREACH OF CONGTRACT, COMMON LAW FRAUD, VIOLATION
OF THE TENNESSEE CONSUMER PROTECTION ACT, FOR
DAMAGES, DECLARATORY JUDGMENT AND FOR INJUNCTIVE RELIEF

1. The Plaintiff, Donna Johnson, is an adult citizen of Memphis, Shelby County, Tennessee and is the debtor in this Chapter 13 case who filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 21, 2018.

2. The Defendant, Wells Fargo Mortgage, is a corporation duly organized and existing under the laws of the State of Tennessee and is a creditor in the debtor's bankruptcy, with its principal place of business 420 Montgomery, San Francisco, CA and mailing address of P.O. Box 10335, Des Moines, IA 50306.

3. The Defendant, Selene Finance, LP is a corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business 9990 Richmond Avenue Suite 100, Houston, TX 77042 and is properly registered to do business in the State of Tennessee.

4. The Defendant, Bungalow Properties, LLC, is a limited liability corporation duly organized and existing under the laws of the State of Tennessee, with its principal

place of business 576 Foothills PLZ #189, Maryville, TN 37801-2305 USA. Whose agent of service is Doug Delozier, 576 Foothills PLZ #189, Maryville, TN 37801-2305.

5. The property that is the subject to this litigation is property of the bankruptcy estate.

6. This Court has jurisdiction of this case because it involves a core proceeding pursuant to the provisions of 28 U.S.C. section 1334 and 157. By virtue of Declaratory Judgment Act 28 U.S.C. 2201-02 implemented through Rule 57 of the Federal Rules of Civil Procedure, this court is authorized to grant declaratory judgment and to issue injunctions pursuant to Rule 65 of the F.R.C.P.

7. The cause of action arose when the parties entered into a contract in Memphis, Shelby County, Tennessee for the purchase of real property located at 3016 Elgin Dr., Memphis, TN 38115, further described as follows:

Lot 36, Section A-1, Fox Meadows Subdivision, as shown on Plat of record I Plat Book 25, Page 17, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular description of said property.

COUNT 1    BREACH OF CONTRACT

8. The Plaintiff, Donna Johnson, and the Defendant, Wells Fargo, entered in to a contract for the purchase of real property located at 3016 Elgin Dr., Memphis, TN 38115 on October 21, 2002.

9. Pursuant to paragraph 28 of said contract if lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by applicable law, and lender or trustee shall mail a copy of the notice of sale to borrower in the manner provided by paragraph 14…

10. Paragraph 14 of said contract titled NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT states any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be address to me at 3016 Elgin Dr., Memphis, TN 38115.

11. At some point thereafter said property was sold without providing notice to Plaintiff Donna Johnson.

12. Plaintiff Donna Johnson has been provided various contradicting information as to the transfer of said property, specifically the Plaintiff on November 14, 2018 was notified by an agent of Selene Finance that the property was sold to them by Wells Fargo on August 28, 2018 who then sold said property to Defendant Bungalow on September 29, 2018; however, another agent of Selene Finance on November 29, 2018 stated that they acquired the property on August 14, 2018 and the property was foreclosed on September 28, 2018.

13. The Plaintiff was not provided notice thirty days prior to either purported sale as required by law.

14. The Plaintiff was not provided any notice of either sale of said property for the dates indicated.

15. Said lack of notice deprived Plaintiff of her right to protect her interest in said property.

16. The Defendant failed to provide the Plaintiff with notice of a foreclosure sale.

17. The Defendant materially breached the original and the modified contract in several respect.

COUNT II    FRAUD AND MISREPRESENTATION:

18. The allegations of paragraph 1-17 of the instant Complaint are hereby incorporated by reference into this Count of the Complaint, as if set forth verbatim herein.

19. On November 29, 2018, an agent of Defendant Selene Finance told Plaintiff that they had mailed by U.S. mail and certified mail thirty days prior to the sale a notice of said sale to Plaintiff's address.

20. At the time the Defendant made the assertions to Plaintiff that the property had been sold at the various time indicated, the Defendant knew those statements were false.

21. The Plaintiff further was deprived of his right to file or the protection of the bankruptcy court by preventing the foreclosure. AS a result, plaintiff suffered substantial damages.

COUNT III    VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

22. The allegation of paragraph 1-21 of the instant Complaint are hereby incorporated by reference into this Count of the Complaint, as if set forth verbatim herein.

23. T.C.A. 47-18-104 prohibits deceptive acts on consumers.

24. The Plaintiff would further assert that the Defendant's act or practice was deceptive to this consumer Plaintiff.

COUNT IV    CONVERSION OF PROPERTY

25. The allegations of paragraph 1-23 on the instant Complaint are hereby incorporated by reference into this Count of the Complaint, as if set forth verbatim herein.

26. From the purported sale of Plaintiff's property until now, Defendants have converted Plaintiff's real property which is property of this bankruptcy estate.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That proper process issue and be served upon the Defendants, and that the defendants be required to answer this complaint.

2. That the Defendants be enjoined from transferring or in any way encumbering the title to 3016 Elgin Dr., Memphis, TN  38115.

3. That the plaintiff be awarded compensatory damages in the amount of $80,000.00, punitive damage in the amount of $1,000,000.00 and attorney fees.

4. That on a final hearing, the title to the property located at 3016 Elgin Dr. Memphis, TN  38115 be vested with the Plaintiffs.

5. That the Plaintiff have and recover from the Defendant any damages incurred at an amount for which the court determines is just.

6. That a restraining order/injuction be issued restraining the Defendant, or any entity or individual in possession of title to said property from transferring or disposing of said property until further order of this court.

7. That a restraining order/injunction be issued restraining Defendant's from obtaining possession of said property from the Plaintiff in state court.

8. That title to the property be transferred back to the Plaintiff and this bankruptcy estate.

9. That a declaratory judgment issue declaring that said actions of the Defendant is in direct violation of the Bankruptcy Code.

10. That the Plaintiff have and recover such other and general relief to which they may prove entitled.

THIS IS THE FIRST APPLICATION FOR ANY EXTRAORDINARY RELIEF IN THIS CAUSE.

Respectfully Submitted

/s/Juliet Hill-Akines
Juliet Hill-Akines #17410
3900 New Covington Pike #110
Memphis, TN  38128

CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been mailed by U.S. mail postage prepaid to Wells Fargo Mortgage, P.O. Box 10335, Des Moines, IA 50306, Selene Finance LP, 9990 Richmond Avenue Suite 100, Houston, TX  77042 and Bungalow Properties, LLC, 576 Foothills PLZ #189, Maryville, TN  37801-2305 USA on this the 6th day of December, 2018.

/s/Juliet Hill-Akines

AFFIDAVIT

I, DONNA JOHNSON, being first duly sworn make oath that I have read the foregoing complaint, and that the facts stated therein are true and correct to the best of my knowledge, information and belief, and that the Complaint is not made out of levity or by collusion but in sincerity and truth for the causes mentioned in the Complaint and that I am justly entitled to the redress sought.

/s/Donna Johnson

Sworn to and subscribed before me this 4th day of December, 2018.

/s/Juliet Hill-Akines
Notary

My Commission Expires:
June 17, 2019