**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 18-27004** |
| **DONNA RAY JOHNSON,** | ) | **Chapter 13** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| **DONNA RAY JOHNSON,** | ) | **Adv. Proc. 18-00294** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **WELLS FARGO MORTGAGE,** | ) | |
| **NATIONAL ASSOCIATION f/k/a WACHOVIA** | ) | |
| **MORTGAGE f/k/a WORLD SAVINGS BANK,** | ) | |
| **FSB, U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| **SOLELY AS TRUSTEE FOR THE** | ) | |
| **BLUEWATER INVESTMENT TRUST 2017-1,** | ) | |
| **SELENE FINANCE LP, SN SERVICING** | ) | |
| **CORPORATION, and BUNGALOW** | ) | |
| **SERIES REO, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

---

**RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR
PRELIMINARY INJUNCTION AGAINST BUNGALOW SERIES, REO, LLC**

---

Comes Now, Bungalow Series REO, LLC (hereinafter "Bungalow"), by and through counsel, and files this Memorandum of Law in Support of its Response and Objection to Plaintiff's Request for Preliminary Injunction, stating as follows:

Plaintiff moves this Court for an injunction barring the Defendants from foreclosing on the Plaintiff's home. The foreclosure sale has already taken place and the

property transferred. Plaintiff no longer has an interest in the property. The foreclosure sale proceeded in accordance with Tennessee law, at a time when Plaintiff's now-reinstated bankruptcy case was dismissed. Because of that, the property is not part of the bankruptcy estate and the foreclosure sale remains valid. This injunction motion is unnecessary.

## I.      FACTS RELEVANT TO THIS MOTION

Plaintiff executed a Deed of Trust with World Savings and Loan in 2002. [First Amended Adversary Complaint ("FAAC"), ¶10, Ex. 1, Doc #28-1] That trust deed was refinanced in 2004 ("2004 Trust Deed"). [2004 Trust Deed, attached] The 2004 Trust Deed was modified in 2010. Plaintiff defaulted on payments thereafter. [FAAC, ¶25]

On August 21, 2018, Plaintiff filed the instant Chapter 13 Bankruptcy, Case No. 18-27004, to which this adversary proceeding relates (the "Current Bankruptcy"). [Current Bankruptcy, ECF #1] The instant case was dismissed on 21 days later, September 11, 2018. [Current Bankruptcy, ECF #15]

Following the dismissal, on September 28, 2018 a foreclosure sale was conducted. The property was sold through that sale and the property interest transferred to Bungalow Series REO, LLC. [FAAC, ¶14; Ex. 5] The Trustee's Deed was recorded October 11, 2018.

On October 12, 2018, the instant case was reinstated, following Plaintiff's Motion to Reinstate the Case. [Current Bankruptcy, ECF #19 and #23] On December 6, 2018, Plaintiff filed the original Complaint in this adversary proceeding. [Complaint] On February 21, 2019, Plaintiff filed the FAAC. Bungalow filed a Tennessee State Court

Forcible Entry Detainer Action in Shelby County General Sessions, the detainer hearing being set for March 25, 2019.

## II.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 65(a)(1), as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7065, requires that in order for this Court to issue a temporary restraining order or preliminary injunction, Plaintiff must demonstrate: "'(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.'" See *Babler v. Futhey,* 618 F.3d 514, 519-20 (6th Cir. 2010).

### A.   Because the Property is Not Part of the Bankruptcy Estate, Plaintiff does Not Have a Substantial Likelihood of Success on the Merits

The bankruptcy court's injunctive power is ordinarily limited to protecting property belonging to a debtor. Property of the estate is defined in 11 U.S.C. § 541(a)(1) (". . . all legal or equitable interests of the debtor in property as of the commencement of the case."). The stay is not applicable to actions against property that is neither the debtor's nor that of the bankruptcy estate. If a lender completes foreclosure before the bankruptcy filing, neither the debtor nor the estate has any interest in the property and the automatic stay does not apply. *In re Williams*, 247 B.R. 449 (Bankr. E.D. Tenn. 2000) (when foreclosure sale of debtor's residence became final prior to commencement of chapter 13 case, residence did not become property of estate and was not protected by automatic stay).

The foreclosure sale was conducted when the instant case was dismissed and closed. The reinstatement of the instant case did not reimpose the automatic stay retroactively. See *Lashley v. First National Bank of Live Oak*, 825 F.2d 362, 364 (11th Cir. 1987); *In re Hill*, 305 B.R. 100, 105-108 (Bankr. M.D. Fla. 2003) (collecting cases). This refusal to make the stay retroactive stems from an unwillingness to invalidate legally-permissible actions creditors may take to enforce their rights during the gap. Courts allow the reinstatement of any stay *prospectively*, but not retroactively, in order to balance the rights of both the debtor and the creditors. *In re Murphy*, 493 B.R. 576, 580 (Bankr. D. Colo. 2013) (emphasis added). That a temporary automatic stay in the Current Bankruptcy was entered in Current Bankruptcy on January 4, 2019, after the foreclosure sale and the recording of the Trustee's Deed, does not invalidate or effect that sale.

Upon dismissal of the instant case, the foreclosure sale was permitted to be conducted free of the automatic stay. See *In re Geberegeorgis*, 310 B.R. 61, 63 (6th Cir. BAP 2004), citing *In re Hill*, supra ("Although a case may remain open after dismissal, the automatic stay of § 362 of the Bankruptcy Code terminates when the case is dismissed.")

Plaintiff acknowledges that she received notice of acceleration of the note from Wells Fargo Mortgage after she defaulted on mortgage payments as modified. [FAAC, ¶25] The 2004 Trust Deed provides that

> If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower . . ..

[2004 Trust Deed, ¶28, attached]

The recorded Trustee's Deed [FAAC, Ex. 5] shows that the Notice of Sale was published more than 20 days before the scheduled sale date in The Daily News of Memphis in Shelby County, Tennessee on September 7, 14, and 21, 2018, and notice of the sale mailed, each in compliance with Tenn. Code Ann. § 35-5-101(a), (b) and (e).

Also, in paragraph 25 of the FAAC, Plaintiff asserts that she did not receive notice of the notice of this foreclosure. This purported failure to receive notice of the foreclosure sale does not state a claim for relief. Both paragraph 28 of the 2004 DOT and Section 35-5-101(e) only require that notice be sent by the lender, not received by the borrower. There is no statutory requirement that the notice be received by the debtor.

In *Davis v. Wells Fargo Home Mortgage, et al.*, W2016-02278-COA-R3-CV (Tenn. Ct. App. Jan. 31, 2018) (decision attached), the trustee's deed signed in that case included a memorialization similar to the trustee's deed in the instant matter, that is:

> WHEREAS, in pursuance of said request by said beneficiary, advertisement and notice of the sale identifying all interested parties of said property was made and given [in] conformity with the terms and provisions of said Deed of Trust, and Tenn. Code Ann. § 35-5-104;

The Davis court concluded that the lack of notice argument was without merit, affirming the lower court's dismissal of that claim. Because Plaintiff does not appear to have a strong likelihood of success on the merits as it pertains to the issues raised for purposes of this motion, this factor weighs in favor of denying Plaintiff's motion for preliminary injunction.

**B.    Because Plaintiff has an Adequate Remedy at Law, No Threat of Irreparable Injury Exists Justifying a Preliminary Injunction**

When the party seeking the injunction has a full and adequate remedy at law, the harm is not irreparable. See *Fort v. Dixie Oil Co.*, 95 S.W.2d 931, 932 (Tenn. 1936).

Tenn. Code Ann. § 35-5-107 provides that:

Effect of noncompliance with chapter. Any such officer, or other person, who fails to comply with the provisions of this chapter commits a Class C misdemeanor and is, moreover, liable to the party injured thereby, for all damages resulting from the failure.

Were Plaintiff to have a valid claim, the remedy would be for damages against the parties who carried out the nonjudicial foreclosure. Bungalow remains the title owner of the property. The long-standing rule in Tennessee is that a trustee's failure to comply with statutory foreclosure requirements "does not render the sale at foreclosure void or even voidable." *Nationstar Mortgage, LLC v. Humphrey,* 2011 U.S. Dist. LEXIS 83944, at *15-16 (W.D. Tenn. 2011) (citations omitted). The *Humphrey* Court stated that "[i]t is apparent that the legislature did not want uncertainty concerning land titles to prevail." *Id.* Under Section 35-5-106, the alleged failure to comply with the statutory scheme does not render the foreclosure sale void. See *Gibson v. Mortgage Elec. Registration Sys.,* 2011 U.S. Dist. LEXIS 91621, at *17-18 (W.D. Tenn. Aug. 16, 2011).

Plaintiff received notice of the sale. [2004 Trust Deed, ¶¶14, 28, attached] As shown by the recorded Trustee's Deed in this instance, the foreclosure sale was held in compliance with Tenn. Code Ann. § 35-5-101, *et seq.* Because the foreclosure sale is valid, Plaintiff cannot show that she is entitled to any injunctive relief.

### C.   Were an Injunction to Issue Enjoining Plaintiff's Unlawful Detainer, It is Bungalow as Owner of Record That Will be Harmed

Bungalow would suffer harm greater than that of Plaintiff because it would be enjoined from the free use and enjoyment of the property that it received from the properly noticed foreclosure sale. To deny Bungalow from using the property pending resolution of this case or the pending eviction matter in state court would result in significantly more harm to Bungalow than Plaintiff considering Plaintiff has already

admitted she defaulted on her modified mortgage payments. Because the foreclosure sale

has already taken place and the property has been Bungalow, this factor weighs in favor

of Bungalow.

### D.    The Public Interest would Not be Served by an Injunctive Relief

As this is a dispute between private parties, with Plaintiff seeking injunctive relief

to stop a foreclosure sale that has already taken place, it is also clear "the public has an

interest in seeing that loans are repaid." See *Senior Hous. Alts., Inc. v. Bernard Global

Loan Investors, Ltd.*, No. E2010-01964-COA-R3-CV, 2011 WL 2553260, at *11 (Tenn.

Ct. App. June 28, 2011). Here, the public's interest would not likely be advanced by an

injunction in this case, because the foreclosure would not be set aside, even if Plaintiffs

prevailed on some or all claims. Therefore, this factor does not weigh in favor of granting

the injunction.

### III.    CONCLUSION

Weighing all four factors, the preliminary injunction sought by Plaintiff is not

justified. Plaintiff seeks to keep Defendants from foreclosing on the property. That has

already taken place at a time when the instant case was dismissed. Wherefore, Bungalow

respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction.


*/s/Edward D. Russell*                          Dated: March 18, 2019
Edward D. Russell, BPR #26126
The SR Law Group
PO Box 128
Mt. Juliet, TN 37121
(615) 559-3190
erussell@thesrlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2019, a true and correct copy of the Response in Opposition to Plaintiff's Motion for Preliminary Injunction Against Bungalow Series REO, LLC was served by regular mail and electronically upon the following:

Curtis D. Johnson, Jr.
*Attorney for the Plaintiff*
Suite 1002, 1407 Union Avenue
Memphis, Tennessee 38104
Telephone: (901) 725-7520
Facsimile: (901) 725-7570
cjohnson@johnsonandjohnsonattys.com


Samuel A. Morris
*Attorneys for Selene Finance LP*
Burr & Forman LLP
222 Second Avenue South, Ste 2000
Nashville, TN 37201
615-724-3258
smorris@burr.com


Payton Bradford
Patrick Warfield
*Attorneys for Wells Fargo Mortgage*
Burr & Forman LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201
615-724-3230
615-724-3330 (fax)
pwarfield@burr.com


By: */s/Edward D. Russell*
Edward D. Russell